IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **RONALD HUNTER, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 1:15-CV-2266-KOB |
| | ) |
| **CITY OF LEEDS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiff's "First Motion to Withdraw Specific Additional Claims from Plaintiff's Second Amended Complaint and to Substitute a Proper Party in Interest" and Plaintiff's "Motion for Leave to File Amended Pleading." (Docs. 95, 99). Defendants responded to Plaintiff's motion to withdraw claims and moved to dismiss Plaintiff's Second Amended Complaint under Rule 41(b). (Doc 97). Plaintiff filed a reply. (Doc. 100). The motions are ripe for review.

For the reasons set forth below, the court **GRANTS** Plaintiff leave to file a Third Amended Complaint, **DENIES as MOOT** Plaintiff's motion to withdraw specific additional claims and substitute a proper party in interest, and **DENIES** Defendants' motion to dismiss Plaintiff's Second Amended Complaint under Rule 41(b). The proposed Third Amended Complaint properly removes Officers Jackson, Reaves, Chalian, and Holman from Count III and Officers Jackson and Holman from Count VIII. The court **DENIES** Plaintiff leave to add two new claims—Count VI, False Arrest and Imprisonment, and Count VII, Fourth Amendment Unlawful Search and Seizure Pursuant to 42 U.S.C. § 1983—and **DENIES** Plaintiff leave to add

1

Defendant John Shields to Count VIII, Civil Conspiracy.

**I.     Background**

This case arose when Plaintiff, Ronald Hunter, was shot at the end of a four-car police chase in the City of Leeds. Mr. Hunter brought this civil action against the police chief of Leeds, Bryan Jackson; Leeds police officers Zack Kirk, R.C. Reaves, J. Shields, B. Chalian, and A.R. Holman[1]; and the City of Leeds in December 2015. (Doc. 1). Mr. Hunter raised nine claims for relief: excessive force, assault and battery, failure to intervene, negligent supervision, inadequate training, denial of due process, civil conspiracy, deliberate indifference, and tort of outrage. (*Id.*). In April 2017, the court granted Defendants' motion for summary judgment as to Mr. Hunter's excessive force, assault and battery, and failure to intervene claims against Defendant Officer Shields—finding that he was not present at the time of the shooting—but determined that the other Defendants were not entitled to qualified immunity or state-law immunity and thus denied summary judgment as to Mr. Hunter's § 1983 claims and state-law claims. (Doc. 47). The court also denied summary judgment to Officer Shields as to the claims of civil conspiracy and tort of outrage. (*Id.*).

Defendants appealed, challenging the denial of qualified and state-law immunity. (Doc. 49). In January 2020, the Eleventh Circuit affirmed the court's denial of qualified and state-law immunity to Officer Kirk (who shot Mr. Hunter), but reversed the court's denial of qualified and state-law immunity to Officers Jackson, Reaves, and Chalian on Mr. Hunter's claims related to the shooting. (Doc. 68). The Eleventh Circuit did not address Officer Shields's qualified immunity because this court had already granted summary judgment to Officer Shields on all claims relating to the shooting. (Doc. 47). Plaintiff did not appeal that order.

---

[1]     A.R. Holman was dismissed from the action on July 8, 2016, pursuant to Fed. R. Civ. P. 4(m). (Doc. 35).

2

On February 20, 2020, the parties submitted a Joint Status Report to the court. (Doc. 71). In that Joint Status Report, the parties stated that the Eleventh Circuit opinion "materially narrow[ed] the issues for resolution on remand." The parties agreed that the remaining issues were "whether the second round of shots Officer Kirk fired at Hunter violated Hunter's Fourth Amendment rights and constituted assault and battery under Alabama state-law; and Plaintiff's state-law claims of negligent supervision and training, and *Monell* deliberate indifference claims against the City of Leeds." The parties also agreed that the Plaintiff should file an amended complaint consistent with the analysis and conclusions in the Eleventh Circuit's opinion within sixty days. (*Id.*).

On February 23, 2020, the court lifted the stay that had been in place while the case was on appeal and issued a scheduling order. (Docs. 72, 74). On April 14, 2020, the court granted an extension of deadlines because of COVID. (Doc. 76). On July 13, 2020, the court granted an unopposed motion to extend the deadline for Plaintiff to amend his complaint. (Doc. 78). On August 12, 2020, the court granted another unopposed motion to extend that deadline. (Doc. 83).

On September 11, 2020, Plaintiff filed a First Amended Complaint. (Doc. 85). The First Amended Complaint was not a unified document; rather, it incorporated the entire initial complaint and added two new claims without leave of court—a claim of false arrest and imprisonment and a claim for Fourth Amendment unlawful search and seizure under 42 U.S.C. § 1983. (*Id.*). The court held a status conference on September 23, 2020, and instructed Plaintiff to present the court with a unified document. (Doc. 88).

On September 30, 2020, Plaintiff submitted a Second Amended Complaint. (Doc. 91). Plaintiff's Second Amended Complaint again included a dismissed defendant as a party and also included defendants who were granted qualified immunity. The Second Amended Complaint

3

also contained the two new claims added without leave of court in the First Amended Complaint—a claim of false arrest and imprisonment and a claim for Fourth Amendment unlawful search and seizure under 42 U.S.C. § 1983. (*Id.*).

On October 6, 2020, the court held another status conference with the parties and instructed Plaintiff to file a motion to withdraw the added claims. The court told Plaintiff that he would need to file a motion for leave of court to add any claims or rename defendants. (Doc. 94).

On October 13, 2020, Plaintiff filed a motion to withdraw specific additional claims from the Second Amended Complaint and to substitute a proper party in interest. (Doc. 95). Defendants responded to that motion and also moved to dismiss the Second Amended Complaint under Rule 41(b). (Doc. 97). Plaintiff then filed a Motion for Leave to file an Amended Pleading, attaching a proposed Third Amended Complaint. (Doc. 99). Plaintiff also filed a reply to Defendants' response to the motion to withdraw specific additional claims, arguing that the complaint should not be dismissed under Rule 41(b). (Doc. 100).

## II.     Legal Standard

A court "should freely give leave" to a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court must have "a substantial reason to deny a motion to amend. Substantial reasons justifying a denial include undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (internal quotations and citations omitted).

"If the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

**III.     Discussion**

The court lifted the stay in this case on February 23, 2020—shortly after this case came back from the Eleventh Circuit. (Doc. 72). Since that time, the court and Defendants have been waiting on Plaintiff to file a unified document "consistent with the analysis and conclusions in the Eleventh Circuit's opinion." (Doc. 71). Some delay in Plaintiff's filing the amended complaint is understandable; the court extended three deadlines because of the extraordinary circumstances created by the COVID-19 pandemic and in response to unopposed motions for extension of time. (Docs. 76, 78, 83). In their response to Plaintiff's motion to withdraw, Defendants point out that "eight months later we are still without a clear and concise unified complaint." (Doc. 97). The court has held multiple status conferences with the parties attempting to get Plaintiff's complaint into shape.

The court finds that justice requires granting Plaintiff leave to amend his complaint once more and that the delay in this case does not rise to the level of egregiousness for the action to be dismissed under Rule 41(b), a severe sanction. Although the court grants Plaintiff leave to amend, however, the court denies Plaintiff leave to add the two new claims—Count VI, False Arrest and Imprisonment, and Count VII, Fourth Amendment Unlawful Search and Seizure Pursuant to 42 U.S.C. § 1983—and denies Plaintiff leave to add Defendant John Shields to Count VIII, Civil Conspiracy. These counts and Defendant Shields shall not be included in the Third Amended Complaint. The court allows the tort of outrage and civil conspiracy claims to remain in addition to the claims stipulated by the parties. The court explains why below.

   A.  <u>Claims Remaining</u>

On February 20, 2020, the parties submitted a Joint Status Report to the court. (Doc. 71). In that Joint Status Report, the parties stated that the Eleventh Circuit opinion "materially

narrow[ed] the issues for resolution on remand." (*Id.*) The parties agreed that the remaining issues were "whether the second round of shots Officer Kirk fired at Hunter violated Hunter's Fourth Amendment rights and constituted assault and battery under Alabama state-law; and Plaintiff's state-law claims of negligent supervision and training, and *Monell* deliberate indifference claims against the City of Leeds." The parties also agreed that the Plaintiff should file an amended complaint consistent with the analysis and conclusions in the Eleventh Circuit's opinion within sixty days. (*Id.*).

Defendants argue that the four claims that the parties agreed remained for resolution in the February 20, 2020 Joint Status Report are the *only* claims that remain in this case. However, two additional claims to which the parties did not stipulate survived this court's summary judgment opinion: Count V, Tort of Outrage, and Count VIII, Civil Conspiracy. (Doc. 44).

Allowing Plaintiff to keep Count V, Tort of Outrage, is straightforward. The claim survived summary judgment and was not addressed by the Eleventh Circuit. Allowing Plaintiff to keep Count VIII, Civil Conspiracy, is more complex, however, so the court will explain its reasoning.

      i.    *Civil Conspiracy Claim*

Defendants argue that Plaintiff's civil conspiracy claim is "in direct contradiction with the Eleventh Circuit's opinion in that it is premised upon the alleged underlying wrong of conspiring 'with the Jefferson County District Attorney to tamper with evidence or withhold evidence' and to bring unsupported charges against Plaintiff" and that it is "barred and precluded by the law of the case, the mandate rule, *Heck v. Humphrey*, 512 U.S. 477 (1994), collateral estoppel, judicial estoppel, and intracorporate conspiracy doctrines." (Doc. 97). The court will consider here whether Plaintiff's civil conspiracy claim is barred under the Eleventh Circuit's

6

analysis, whether it is barred by *Heck v. Humphrey*, and whether Plaintiff should be denied the opportunity to move forward with the claim under the intracorporate conspiracy doctrine.

The Eleventh Circuit did not directly address Plaintiff's civil conspiracy claim; it addressed only claims related to the shooting. (Doc. 68-1). In doing so, the Eleventh Circuit stated that "collateral estoppel bars Hunter from asserting, contrary to his guilty plea, that he never pointed his gun at Kirk, but does not bar him from contesting Kirk's statements regarding the number of times that Hunter allegedly pointed his gun." (Doc. 68-1 at 10). Defendants argue that under the Eleventh Circuit's reasoning, Plaintiff can not move forward with the civil conspiracy claim. However, the Eleventh Circuit concluded only that collateral estoppel barred Mr. Hunter from contesting that he pointed a gun.

Defendants also argue that the civil conspiracy claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). However, in its Memorandum Opinion on summary judgment, this court reasoned

> Under Eleventh Circuit law, "for *Heck* to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory." *Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007) . . . If "there is a version of the facts which would allow the conviction to stand[,] [t]hat is sufficient, under *Heck*, to allow the § 1983 suit to proceed. *Id.* at 883.

(Doc. 44 at 10).

Under Alabama law, civil conspiracy is a substantive tort. *DGB, LLC v. Hinds*, 55 So. 3d 218, 234 (Ala. 2010). A civil conspiracy "is a combination of two or more persons to do: (a) something that is unlawful; [or] (b) something that is lawful by unlawful means." *Purcell Co. v. Spriggs Enters., Inc.* 421 So. 2d 515, 522 (Ala. 1983). Here, Mr. Hunter alleges that tampering with evidence resulted in harm to him. Under the Eleventh Circuit's opinion, Mr. Hunter is collaterally estopped from denying that he pointed his weapon at Officer Kirk at least one time.

(Doc. 68-1). But Mr. Hunter's claim alleging evidence tampering is not necessarily logically inconsistent with an admission that Mr. Hunter pointed his gun at least one time. Thus, the civil conspiracy is not barred by collateral estoppel or *Heck*.

The other issue is whether the civil conspiracy claim may remain under the intracorporate conspiracy doctrine. In this court's Memorandum Opinion on Summary Judgment, the court stated:

> The court notes that Mr. Hunter's civil conspiracy claim fails as a matter of law under the intracorporate conspiracy doctrine, which holds that "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2016). This doctrine applies to government entities. *See id*. **However, Defendants did not assert this defense as a ground in their Motion for Summary Judgment.**

(Doc. 44).

Because Defendants did not assert the defense, the court let the civil conspiracy claim stay.

In his proposed Third Amended Complaint, Mr. Hunter alleges that Officer Kirk, Officer Shields (discussed in the next section), and the City of Leeds conspired "among themselves and possibly with others outside the employment of the City." (Doc. 99-1). Under the intracorporate conspiracy doctrine, Officer Kirk, Officer Shields, and the City of Leeds can not conspire among themselves, as the acts of government agents are attributed to the government entity. In the Third Amended Complaint, Mr. Hunter vaguely alleges that the officers and City may have conspired with "others outside the City's employment"—an allegation that was not included in the initial complaint.

The claim may very well fail to state a plausible claim for relief, but that issue would be more properly raised on a 12(b)(6) motion to dismiss the next amended complaint. Mr. Hunter's civil conspiracy claim survived summary judgment in this case and the Eleventh Circuit did not address it on appeal. At this point, the court must allow Plaintiff to move forward with the four

claims to which the parties agreed and the two claims that survived summary judgment in filing the third and final amended complaint.

        ii.    *New Claims*

As to the two new claims Plaintiff seeks to add, the court does not find that "justice requires" allowing Plaintiff to add two new claims at this date. Under Federal Rule of Civil Procedure 15(a)(2), a court is to grant leave to a party to amend its pleading "when justice so requires." A court must have a "substantial reason" to deny amendment. Such reasons include "undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (internal quotations and citations omitted).

Here, Defendants have been operating on the assumption since February that only four claims remained for resolution. In fact, Plaintiff agreed. While Plaintiff is entitled to keep the other claims that survived summary judgment, tort of outrage and civil conspiracy, the court will not allow Plaintiff to add two new claims, as doing so would result in undue prejudice to Defendants.

    B.  <u>Defendant John Shield</u>

As stated above, this court denied summary judgment to Officer Shields as to the claims of civil conspiracy and tort of outrage. (Doc. 44). In the Second Amended Complaint, Plaintiff dropped John Shields from the civil conspiracy count. Plaintiff may have done so inadvertently; however the court will not allow Officer Shields to be added in now to the Third Amended Complaint, as the civil conspiracy claim against Officer Shields fails as a matter of law under the intracorporate conspiracy doctrine. Any acts by Officer Shields are attributed to the City of

9

Leeds. *See Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2016) ("[A]cts of corporate agents are attributed to the corporation itself . . ."). Thus, allowing Officer Shields to be added to Count VIII, Civil Conspiracy, would be futile because the City of Leeds cannot conspire with itself via its agent Officer Shields.

For the reasons stated above, the court **GRANTS** Plaintiff leave to file a Third Amended Complaint, **DENIES as MOOT** Plaintiff's motion to withdraw specific additional claims and substitute a proper party in interest, and **DENIES** Defendants' motion to dismiss Plaintiff's Second Amended Complaint under Rule 41(b). The Third Amended Complaint must remove Officers Jackson, Reaves, Chalian, and Holman from Count III, Negligent Supervision and Inadequate Training, and must remove Officers Jackson and Holman from Count VIII, Civil Conspiracy. The court **DENIES** Plaintiff leave to add two new claims—Count VI, False Arrest and Imprisonment, and Count VII, Fourth Amendment Unlawful Search and Seizure Pursuant to 42 U.S.C. § 1983—and **DENIES** Plaintiff leave to add Defendant John Shields to Count VIII, Civil Conspiracy.

Plaintiff must file a Third Amended Complaint consistent with this opinion by **December 18, 2020**.

**DONE** and **ORDERED** this 4th day of December, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE